case number 22-3025 United States of America v. Edward Magruder appellants Mr. Searby for the appellants Mr. McGovern for the appellee Mr. Searby good morning good morning Judge Henderson may it please the court Bruce Searby appearing for appellant Edward Magruder I'd like to reserve three minutes of my time and as far as a roadmap I'd like to accomplish three things with my opening first I'd like to emphasize Mr. Magruder's argument relating to the liberal standard for withdrawal of his guilty plea under Rule 11d based on the warrantless search of his backpack where heroin was found which argument his attorney missed and to which day to which this which to this day the government has offered no evidence establishing a justification for this warrantless search second I would like to turn to the Louisiana warrant that we've raised I'd like to disclose under my duty of candor to the court new information that the government has brought to my attention just in the past few days that could be seen to undercut appellants argument about the Louisiana warrant and third I'd like to argue to you notwithstanding this new information that Mr. Magruder deserves to withdraw his guilty plea based on on the defective Louisiana warrant and his counsel's to raise that below or at least get a remand that developed the record so starting on the first point the backpack the government has never offered evidence justifying the warrantless search of Mr. Magruder's backpack and his counsel who advised his guilty plea was constitutionally deficient and failing to pursue a motion and the district court abused discretion in denying his chance to withdraw his guilty plea and to pursue and explore suppression of the backpack search there were in this case no facts showing that agents were already in the process of arresting appellant for a drug conspiracy when they searched his backpack it would be unprecedented and this would let loose frankly laziness and utter disrespect for the warrant requirement if this case went the government's way when you say that there's no facts showing that the agents already knew something with at the specific time of searching the backpack are you suggesting that they needed to have told Ms. Magruder right then and there or what are you what are you getting at with respect to when someone should have known about that I'm sorry Charles what I was trying to say is that the agents were not already in the process of arresting Mr. Magruder when they did the backpack search they it's not what they knew that's not the issue that I'm pointing to right now it's what they were doing agents were not already in the process of arresting Mr. Magruder therefore you cannot bring in the search incident to arrest doctrine which is exactly what the district court agreed with the government about that justified the warrantless search and what about the months long ongoing investigation that was occurring in Louisiana that brought us forward to that date as well as the various warrants in that regard that did not create probable cause for the arrest on a drug distribution and possession with intent to distribute charge which is exactly the only reason that agents arrested Mr. Magruder after searching his backpack that all had what you just mentioned had to do with a drug conspiracy in several months prior now what what agents really did is they wanted to search Mr. Magruder's backpack they were not in the process of already arresting for a drug conspiracy which is what the government now seeks to do to bring in the search incident to arrest the doctrine so you're saying that despite that they had all this information meaning the Louisiana contingency of police officers investigators etc knew that Mr. Magruder was making these trips from DC to New York and that on that particular day this trip was consistent with the information that they had previously had that you're saying that these agents did not have any of that information available to them despite that this particular trip was similar to other trips that he had made that they were aware of no just shouts i'm not saying that i'm saying that they did not have probable cause to arrest the defendant for a drug distribution charge or drug possession with intent to distribute which is what they actually arrested him for they also do not get to use the search incident to arrest doctrine which is an exception to the warrant requirement based upon this drug conspiracy evidence that they had accumulated even if they start out with whatever is part of the months-long investigation and they have an ability to arrest based on the fruits of that particular investigation for a specific charge but then they come upon him and there's something else they see are you telling me that they can't arrest for something different yes your honor i'm that's what that's there was no probable cause at that point for them to arrest based upon possession with intent to distribute and cases cited by the government for the proposition that they can still use the search incident for arrest doctrine are distinguishable they're distinguishable because of what i started saying which is that agents were not already in the process of arresting the defendant for a drug conspiracy when they when they searched his backpack therefore that line is irrelevant off of this but i'm still trying to get where are you getting that agents were not in the process of arresting him when they are there apparently based on information that they've had in louisiana that is consistent on that day with all of the same information from before so where are you getting that they were not there that day to do the same thing that something's compatible with what was going on in louisiana well my point is that there was absolutely no evidence in the record ever to this day that they were there to arrest him on a drug drug conspiracy charge supported by the evidence that you're referring to they were not doing that at least there's no evidence in the record that they were doing that rather the only evidence in the record is the is the complaint affidavit of one of the arresting agents who said that he gets off the bus they search his backpack and then they arrest him so there's absolutely nothing entered into the record by the government supporting this idea they were actually there to arrest him on a drug conspiracy charge what's that could they have arrested him on a drug conspiracy with that they have probable cause for that they they did uh have probable cause for months uh old uh drug conspiracy i'm not as an agent i'm asking you just an answer to the question directly they could have arrested they could have arrested so there's no question that they could have arrested him right then and there they could have but they weren't going to until they found the drugs pursuant to the search well that's that's a lot of subjective intent that we don't normally get into in probable cause inquiries so if they had probable cause existed as judge childs has been discussing with you to arrest him then there was cause to do a search incident to arrest and we have case laws to many other courts saying that the before after doesn't matter as long as they are very proximate in time and if you agreed that he had probable cause what is your best case that the probable cause has to be for the specific crime for which he is subsequently then charged your honor because in the brief that that we filed in the reply in the opening brief we distinguish all those cases that you're referring to and and the rawlings case is distinguishable there uh the defendant had already confessed to a crime by the time the search was made that the police based on that you've agreed they had probable cause to arrest and therefore search at the time they approached him and took his backpack they already had all of that so i'm just and i appreciate the careful distinctions in your brief from these other cases i'm just asking what's your best case that since they had probable cause to arrest and therefore search it is somehow that somehow dissipates or is no longer sufficient because of their subjective intent to arrest for a different because your honor that makes a difference the the intent of the officer makes a difference in all these cases they're in this line of cases that the government now wants to rely on and so if you read rawlings if you read powell if you read the other cases that we carefully go through it does matter what the what evidence there is in the record of what the officers had been doing before they and what they had been going to arrest the person for so it's absolutely essential in the distinction that i'm pointing out is critical all the government had to do below we would have to adopt a subjective intent test for to write an opinion for you we would have to say for these purposes you want to do a search or a search and then arrests when i reverse the order then subjective intent is controlling your honor i think actually you'd have to do the opposite which is create a whole new layer of exception to the to the search warrant to the doctrine that you need a search warrant and if you don't you can do a search incident to arrest now there's this line of cases about the exact timing of events this case would push that and extend that way too far your honor by by disregarding what the officers were intending to do before the search you keep saying intent so you there would have to be a subjective intent element to the test that you would want you want us to yes yes your honor and in these other cases the record below and the district court had been fully developed so that you could have an exploration of what the officers were actually doing and what they were thinking why they pulled someone over why they searched somebody why they had detained somebody so this case is exceptional here because there's the only factual uh the only facts in the record go the other way they go they go appellant magruder's way which is to say that the search appears to have been triggering the arrest and not some imminent arrest triggering the search and that makes all the difference in the world because search incident to arrest exception is based upon things like danger to the police officers they're about to make an arrest and so and even though they formally do it a little bit later they still have the search incident to arrest doctrine available to protect themselves so rather than you know us on the uh that comes out of cases like rollings and powell and bookhart these are all distinguishable the reason that i've i've stated i think you had information about the louisiana warrant argument yes your honor first of all the government informed uh me a few days ago that that in fact the first counsel for mr magruder did receive the louisiana warrant prior to the plea now we would still say of course that that there's an argument there for appellant just want to say that there is a big difference between mr crawley who is the court appointed counsel who advised the guilty plea uh receiving the 2018 louisiana search warrant from the government on the one hand and on the other now actually reading it and actually exploring the issues presented by that louisiana warrant so we think that it's not as i put it in the brief that that mr crawley never got the warrant from the government it's but it's still the case that he evidently didn't do anything with it maybe didn't even read it and that new council came into the case not knowing uh not having the warrant and needing to get it later now just as to the point that um the louisiana warrant matters i think that it hinges in terms the court's jurisdiction to issue the warrant on this proposition that there was a connection between mr magruder and the jurisdiction of louisiana and that ultimately there's somebody in columbia who was the source of both mr magruder's conversations and the um drugs in in houston and louisiana affidavit talks about there's multiple people involved and it seems to be focused on delivery of drugs into louisiana right and this other person shows up tony with this phone number right and probable cause is not you know it's not a super high standard it's it's a it's a substantial standard but it doesn't you can have probable cause and it turns out not to be factually accurate at the end of the day but that's not we don't look at it hindsight why wasn't there on the face of that affidavit probable cause to think that he was part of this group that was operating in new orleans because the agent who is in in charge of presenting adequate probable cause the only thing he had is the following phrase it is believed that so and so in columbia is the source now your honors if anyone came to you and argued it is to but i'm not going to read that one paragraph in isolation you're going to read the whole affidavit it's about multiple individuals so it's clearly a multi-individual operation that is definitely has a nexus to louisiana and the affidavit reads as though and yet here's another person that's talking to the same guy and so why isn't there at least probable cause there to think that he was part of this louisiana operation given the surrounding context in which they they hear tony talking they identify the phone number they hear the same types of conversations about drug dealing that to say this he must be part of this too well because there's actually no link between tony and louisiana except for this one individual well he's except yes but that that is involved in dealing drugs in new orleans so again it's it wouldn't be proof beyond a reasonable doubt by any means maybe not even a preponderance or why wasn't it probable cause to think he was part of this grouping there wasn't probable cause of that that's my point which is that i don't know that's not probable cause that he was here's someone else who's talking to the same person who's dumping all this stuff in louisiana your honor there's not probable cause that the same individual talking to tony was involved in louisiana there is the bare assertion that it is believed that it is believed that passive voice we don't know who we don't know when we don't know why it is believed that's it plus one apparently maybe one phone call placed by louisiana connection in columbia so there's there's nothing there there's certainly no probable cause even under a light standard for making this connection and and they don't cite any evidence like you need when you go in and you're trying to establish a critical fact like this jurisdictional nexus there's just no not nothing but it is believed that this man was the source and the court cannot honor that as probable cause without opening the floodgates for the government to do very very minimal work to establish its case in these search warrants and without turning the government loose to just assert well it's believed that this it is believed that that in this case that nexus that's all it hangs on to plus apparently at some point in time somebody called that same person and tony called that same person that's it thank you i'll give you a couple minutes in reply all right mr mcgovern morning your honors may it please the court michael mcgovern on behalf of the united states pelly in this matter after mr mcgruder fled guilty pursuant to a plea agreement that his own counsel admitted gave him substantial concessions from the government engaged in protracted litigation to withdraw that the agreement before the district court over many months the district court considered each and every one of his claims and in a series of four orders written orders rejected each and every one of those now mr mcgruder is before you on appeal advancing only two claims one of which he never presented before the district court and the other of which was presented but is entirely meritless because the first claim was never presented before the district court and because the second claim is meritless the court did not abuse its discretion which is the standard for evaluating the denial of the motion to withdraw when it denied that motion to withdraw turning first to his new claim on appeal regarding the jurisdictional nexus of the 2008 warrant that was issued in the eastern district of louisiana that claim was never presented to the district court it's not properly before this court there was no development of the record regarding what his counsel the only way in which often have ineffective assistance of counsel arguments raised in direct appeals for the first time on appeal for obvious reasons it's a new attorney on the appeal and we haven't treated those as forfeited in the past have we no your honor so on a direct and i'd like to point out that your honor correctly noted those are majority of those decisions are in the context of a direct appeal here um we're talking about the direct appeal of a motion to withdraw so it would still be a direct appeal in his criminal case that was denied final judgment was entered this is a direct criminal appeal correct your honor um so i don't i think i would distinguish this situation where there is an appropriate vehicle where he could raise a 22 55 based on this claim and then be subject to appropriate procedural argument is the two attorneys in district court did not raise this issue and so we're ineffective there was no attorney in district court to raise their own self ineffectiveness but which is why we allowed it to be raised here and then we decide whether there's merit or potential merit or not if there is we can remand for fact finding if there's no legs to it we can deny it but i don't understand why this is a direct criminal appeal by a claim of ineffectiveness raised by a new attorney about the trial attorneys and if your argument is we expected the trial attorneys to raise their own ineffectiveness is that what you mean well here given that there was new counsel for the motion to withdraw yes because that person didn't identify this problem either that person didn't identify the ineffectiveness of the prior attorney which may be a ground for overcoming some type of procedural bar in a 20 a proper 22 55 motion but that would require the development of the record when an attorney does not ineffectively fail let's just assume there's ineffectiveness if an attorney ineffectively fails to argue an effective assistance of counsel we're going to say it's forfeited on direct appeal when have we ever done that um i have not seen a case in which they've done that i also haven't seen that in the context of a motion to withdraw which i which occurred after i would be different if if neither if his argument here is that neither attorney below raised this and should have and even more so now if in fact they actually had the louisiana warrant i just don't understand i mean we can proceed to other aspects of this argument absolutely never and your honor forfeiture we don't expect ineffectiveness to be raised by the attorneys who were alleged to be ineffective i'm not saying anybody was or was not at this that's the issue before us yes your honor i understand your point i i this court has said in the context of collateral appeals of collateral attacks that where a ground for ineffectiveness hadn't been properly raised it can't be then raised on appeal i would analogize a motion to withdraw similarly especially where they were represented by another counsel but i take your honor's point and uh turning to the other aspects there's no need for remand in this case because there is no merit to the allegation that there was no jurisdiction to issue the 2008 louisiana warrant that is because in louisiana agents were investigating a drug trafficking ring that was actively distributing drugs in louisiana there had been an indictment of certain of those individuals through wiretaps they had identified the go-between who was in columbia who was providing the directions on how to pick up and how to pay for those drugs and through a wiretap of that individual that was conducted by columbian investigators they tied that go-between to another member of a drug trafficking organization based in columbia that was responsible for that was the supplier for the drugs in new orleans through the wiretap in columbia they also picked up conversations mr magruder was having with the higher individual in the drug trafficking organization in columbia and on those facts those agents had probable cause there was a reasonable inference to be drawn that the drug trafficking organization that had contacts with louisiana was distributing via drugs into the united states via mr magruder and because of that into the united states or into louisiana um in a was involved in a conspiracy to distribute drugs which included over acts distributing to louisiana which it had established through where does the affidavit lay out probable cause to think that tony uh mr magruder tony in the in the affidavit was distributing to louisiana what what facts i don't believe that what the jurisdiction over the infants being investigated language would require is to show tony's own over acts in louisiana the requirement is that there be jurisdiction over the offense and in a drug conspiracy that offense can be charged and there's jurisdiction to investigate it in it right so this is something you can clarify for me was he being i just don't see this in the affidavit for some of the reasons your friend has said on the other side has said where was he being investigated was the offense under investigation for purposes of mr magruder the delivery of drugs into louisiana a conspiracy to bring the drugs into louisiana or was it as you said conspired to bring drugs somewhere into the united states the the offense under investigation was the drug trafficking of the colombian drug trafficking organization which had known ties to louisiana and which had known communications with mr magruder and the investigation was bringing drugs into louisiana yeah yes i mean if you have i'm trying to understand how you read the word jurisdiction in the stored communications act so it was the offense under investigation was a conspiracy and maybe actual acts of delivering drugs into from columbia into louisiana correct and where is the connection the affidavit to think that tony with a 202 area code was part of that operation or a different operation not yet being investigated of bringing drugs into other places in the united states there was a connection between the supplier a known supplier of drugs to new orleans was supplying another individual whose whereabouts were unknown who had a 202 area code on a in the day of mobile phones i don't know that that actually provides very much information for anyone as to location and so at that point it's a reasonable inference that the dish that the conversations between tony and the colombian drug trafficking organization were related to that colombian drug operations conspiracy to distribute drugs which included for that drug trafficking organization the distribution of drugs into louisiana that would all make sense if the and i understand the argument completely i don't understand why the affiant did not say then we think that he is part of this operation because he's talking to the same head honcho or every guy or whatever his title was and i apologize that i don't have the language directly at my fingertips but they did state that they were investigating that they believed that further information on this the geolocation would give them further information on the crimes that were being committed by those three and they listed the drug the individuals in new orleans the individuals in columbia and tony and so i think the reasonable inference from this is that they believed the information that they would receive would be information relevant to their investigation of the new orleans drug trafficking organization organization even if tony was a separate spoke they were investigating the hub that the drug trafficking organization in columbia so information regarding tony was could be relevant to the new orleans drug trafficking as it could have provided evidence in any number of ways that could potentially be admissible even in a drug trafficking prosecution that didn't have to do with so i think that's what i'm trying to decouple is mr mcgruder's argument is that we needed to establish tony could be responsible for crimes in new orleans before we can even look at his information and i don't think that's what's required under the act i think what's required under the act is that there be jurisdiction over the offense that they are investigating and when they're investigating a drug conspiracy to import drugs into new orleans and they have a wiretap where an individual is discussing receiving and uh drug proceeds and providing drug proceeds and and picking up drugs and dealing with drugs that that provides a nexus sufficient nexus for them to explore that further and to gather that evidence because that evidence there's a probable cause that that evidence would be relevant even to just the new orleans trafficking organization well this council indicates that when you are on the ground right there in dc with respect to mr mcgruder there's no evidence in the record about what you knew you know with respect to him and it's only at the time that you pull him aside and search his backpack that you then come into anything that is potentially criminal can you just respond to that allegation so i i think i would disagree with that uh judge trials uh turning to the probable cause argument that he has made um it's very clear that a judge of the district of columbia who issued a wiretapping warrant determined that there had been previous indication of or there had been a previous finding that there was probable cause that um tony was involved in uh distribution a conspiracy money laundering and uh use of communication facilities to uh facilitate drug trafficking um those probable cause determinations had already been made and as he conceded in response to judge millet's question there's no doubt that there was probable cause for those agents and as the discussion with judge millet continued um there are cases that stand for the fact that where that probable cause exists and where there is a basis for that arrest we don't look at the subjective intent of those fbi officers as to which particular crime they are necessarily arresting for i would argue that there is nothing in the record that indicates those officers weren't arresting him for the crime that he committed i believe there was probable cause to believe that he was transporting drugs at that time he was engaged in physical travel which was entirely consistent with the physical travel he had been engaged in previously for the prior crimes that the judge had found probable cause to believe was possession of uh narcotics and drug conspiracy um so i do believe that there was probable cause for the crime itself that was charged but we don't look post hoc we don't look at what ultimately was indicted we look at the time of the arrest was there probable cause for them to arrest him for something and i think one final point i'd like to make i see my time is up um defense council noted that um the arrest was the was triggered by the search rather than having been engaged in first and i don't think there's anything in the record that supports that and because this is a motion to withdraw after there's already been a plea agreement it is his burden below to show both deficiency and um prejudice so he has the burden to show prejudice which means he has the burden to show that there was some fourth amendment violation and it it's not a reasonable inference that these officers who had engaged in a month's long investigation of this individual would do a takedown and not intend to arrest that individual um i think it just doesn't make sense and there is nothing in the record that indicates that they had anything but an intention to seize drugs the next time he went to new york in the warrant where they sought the geolocation itself and this is on page a 148 um they specifically said that geolocation service will assist them in effecting a seizure of the drugs because they believed he was going to travel to new york again and that is exactly what they did when he went to new york they arrested him and seized those drugs and charged him with the resulting crime if there are no further questions we'd ask super thank you um again judge childs i am not denying that agents knew a lot about um mr edwards by the time he got off the bus i'm making an argument about the applicability in this case of the search incident to arrest doctrine and how it is being stretched beyond recognition beyond prior precedent to apply to a crime that notwithstanding counsel's testimony today that there was a takedown going on there was actually no evidence that when he got off the bus they were intending to arrest him for a drug conspiracy for which they had evidence from and they did have evidence of conversations they had been following him but there's no evidence that they were intending to do a takedown right then but they certainly did as described why be there i mean why even be and i'm referring to the agents at the train station or whatever if you will to do a search on this particular individual just to do a search and that's exactly what they did and they found something and then they arrested him and there's no and and counsel is doing a bit of burden shifting here but when when it's actually the government's burden to justify a warrant of search and there's no evidence in the record uh supporting a search incident to arrest under any of these cases because of what i've been describing so um i just wanted to clear that up uh because we have other reasons for for disputing that search than the ones that you think that you think i have now i would like to go back to the louisiana warrant and you can see from counsel's argument right now how dependent he is on this notion that that uh the person talking to tony was the source of the drugs for the others and how dependent that he is for for that being the way to establish the the jurisdiction of the louisiana court to issue that warrant and my point laser focuses on that connection because i'm not saying that the only way to establish jurisdiction in louisiana over mr maccruder's activities would be to have him running around louisiana i am saying however that what they don't they don't have that that's for sure they don't have him running around louisiana any connection between him directly in the louisiana case but they also can't really establish this link through columbia except by asking the court to say you know it's okay to say it is believed that and counsel keeps referring to him to this columbian as the source as the supplier but it all comes down to faith that somebody someone out there sometime for some reason had arrived at the right color conclusion that he was the source for for the houston and new orleans drug conspiracy and that is way too thin that is not probable cause and a trained agent would know that well he says i believe based on training and experience and these conversations not just that we're discussing the trafficking of multiple kilograms of cocaine and heroin and he talked about the sort of language the code language that was used and then says um given that he's talking to the same guy about the same drugs that are being moved into louisiana that the geolocation information will be evidence of tony's membership in the drug the drug not a drug a drug conspiracy and the drug conspiracy is one that louisiana court had jurisdiction over your honor there's no there's nothing but the belief of someone out there that this person was the source there's a there's a belief and one phone call perhaps at least one way they had multiple phone calls that they thought this person was the source of the drugs that were going to the other people acho and other there's too many names here for me to keep straight no your honor no not multiple phone calls no and that's my point is that there's we don't know when at least one phone call was placed connecting up this this this chain of people and if you look at it closely there's just as i put it in the opening brief it's just a gossamer thread established factually between these people and other than that it's just this belief agent and you haven't i hadn't understood you to challenge this one of the probable cause allegations is that mascara asperia was the columbia-based supplier in coordination with cachu cashew um who is a louisiana part of louisiana drug conspiracy cause obviously this is a probable cause all right and you haven't disputed that i have okay i have i have disputed that the musker so you're i thought your argument was it wasn't probable causes to tony you're saying there's not probable causes to mascara asperia either i'm i'm saying that that connection through the columbian uh and there are two mascaras involved here but i know but that was the supplier according to the government and according to someone's belief your honor that's precisely the point that i'm challenging here which is that the government wants the court wanted the magistrate judge and now wants this court to believe that that person was the supplier in houston and louisiana but if you look at what they offer a separate warrant on mascara asperia i mean there's there's i don't know how you can read this affidavit and say there wasn't probable cause to think that that there was a basis for muscaria muscaria asperia's phone as the supplier of drugs into louisiana through the other individuals amari or kashu and then this other guy shows up on the phone and they say well we think he might be part of it he's having the same coded conversations he's having coded conversations and so we think he's part of the drug conspiracy your honor there are two mascaras there's muscaria amari and muscaria asperia yes and by the way the government also tries to introduce later search warrants as to as to the the link with mr magruder or tony and the court should not be looking no court should be looking to future later search warrants to establish probable cause for the one that issued so i i'm not higher one i'm very confused as to your argument i just want let me understand that your argument is that they didn't even have probable cause to think that muscaria asperia was the source in columbia and to have a warrant on his phone not not presented in this affidavit your honor i think your whole argument was about probable causes to tony oh no i'm glad i cleared that up now what my brief says is that the link between tony and the search warrant uh the investigation louisiana goes through columbia and goes through this person muscaria asperia who it is asserted in this is the source of what's going on in louisiana however if you examine the the facts introduced here there's completely insignificant support for that proposition repeated again here today over and over and if you look at that uh the what factual support the uh the affiant put into that proposition that that um the person talking to tony was the source for all these drugs going to louisiana there's just not a significant amount of information and this court cannot be permitting search warrants to issue with key elements such as the jurisdictional nexus being established by statements like it is believed that because that's all they got and we cannot let agency god there's a lot of facts about coded conversation who's calling who and who's talking to when that's all that brings the jurisdiction together your honor that's thank you all right mr serby you were appointed by the court to represent mr magruder we thank you for your assistance thank you your honor
judges: Henderson; Millett; Childs